UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re,

CELL-NIQUE CORPORATION,

Debtor.

Chapter 11
Case No. 23-10815 (REL)

**STIPULATION AND INTERIM ORDER APPROVING DEBTOR AND DEBTOR-IN-POSSESSION'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. §363(c)(2) AND FOR ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §361 AND §363**

This Stipulation is entered into and effective as of this ___ day of August 2023, between Cell-Nique Corporation ("Debtor"), the debtor and debtor-in-possession in the above-captioned case, and TD Bank, N.A. ("TD Bank"), a secured creditor of the Debtor.

### Recitals

WHEREAS, the Debtor owns and operates a food manufacturing business headquartered in Castleton, New York; and

WHEREAS, the Debtor filed a petition for relief under Chapter 11 of U.S.C. §101 *et seq.* (the "Bankruptcy Code") on August 10, 2023 ("Petition Date"); and

1

**WHEREAS**, prior to the Petition Date, pursuant to a certain Business Loan Agreement dated as of July 3, 2019 between the Debtor and TD Bank (the "Loan Agreement"), the Debtor executed and delivered to Plaintiff a certain Promissory Note dated as of July 3, 2019 (the "Note") in the principal amount of One Hundred Thousand and 00/100 Dollars ($100,000.00) (the "LOC") whereby TD Bank agreed to extend the LOC to the Borrower up to said amount; and,

**WHEREAS**, in order to further induce TD Bank to enter into the Loan Agreement and extend the LOC to the Debtor, the Debtor executed and delivered to TD Bank a certain Commercial Security Agreement dated as of July 3, 2019 (the "Security Agreement") pursuant to which the Debtor granted TD Bank a security interest in, and a lien on and pledge and assignment of all of Debtor's personal property, including without limitation its equipment, accounts receivable, inventory and general intangibles (collectively, the "Collateral"); and,

**WHEREAS**, TD Bank perfected its security interest in the Collateral by duly filing a UCC-1 Financing Statement with the State of Delaware, Division of Corporations, on July 18, 2019, bearing Filing No. "20194980947"; and,

**WHEREAS**, TD Bank asserts a pre-petition perfected security interest in and lien on all of the Collateral; and,

**WHEREAS**, as of the Petition Date, the balance alleged to be due on account of the LOC was approximately $103,510.23; and

**WHEREAS**, the Debtor generates accounts receivable from operating its business and intends to continue doing so during the pendency of this case; and

**WHEREAS**, the Debtor and TD Bank agree that the accounts receivable and proceeds derived therefrom constitute "cash collateral" pursuant to Bankruptcy Code §363; and

**WHEREAS**, the Debtor and TD Bank have agreed to enter into the within Stipulation to preliminarily allow the Debtor to use cash collateral for a limited period of time and to provide adequate protection to TD Bank pursuant to Bankruptcy Code §361 and §363 pursuant to the terms set forth herein below; and

**WHEREAS**, as of the date of this Stipulation, no trustee, examiner or statutory committee has been appointed in the within case; and

**WHEREAS**, the terms of the use of cash collateral authorized hereby are fair and reasonable under the circumstances and the Debtor asserts that entry of this Stipulation and Order will be in the best interests of the Debtor, its estate, and its creditors.

**NOW, THEREFORE**, in consideration of the mutual covenants contained herein, the parties hereto hereby agree as follows:

1. All of the Recitals set forth above are incorporated by reference into this Stipulation, and the Debtor represents and warrants to TD Bank that the statements therein are true and correct as of the date of this Stipulation.

2. The Debtor is hereby authorized pursuant to Bankruptcy Code §363 and Federal Rule of Bankruptcy Procedure ("F.R.B.P.") 4001(b)(2) to use TD Bank's cash collateral including without limitation its accounts receivable and proceeds thereof (collectively, the "Cash Collateral") though September 30, 2023.

3. The Debtor has opened its Debtor-in-Possession bank accounts (the "DIP Accounts") at TD Bank and is in the process of transferring its deposit account relationship from TD Bank to the DIP Accounts at TD Bank.

4. As adequate protection of TD Bank's interest in the Collateral, including the Cash Collateral, TD Bank is hereby granted, pursuant to §361(2), §363(c)(2) and §363(e) of the

Bankruptcy Code, continuing valid, binding, enforceable and perfected liens and security interests as existed as of the Petition Date in and to the Collateral and all of the Debtor's accounts receivable, including all pre-petition accounts receivable and proceeds thereof. Moreover, said perfected liens and security interests shall attach without limitation to any and all cash, income, proceeds, insurance proceeds, products, profits, offspring, revenues and rents arising from all pre-petition Collateral, and whether now owned or hereafter acquired by the Debtor and whether existing before or after the Petition Date (the "Post-Petition Collateral"). As further adequate protection, the Debtor shall provide to TD Bank a roll-over security interest in and lien on all Post-Petition Collateral obtained or received after the Petition Date of the kind and nature specified in the pre-petition Loan Documents based upon the equities of this case in accordance with §522 of the Bankruptcy Code. The foregoing adequate protection shall be deemed legal, valid, binding, enforceable, perfected liens, not subject to subordination or avoidance for all purposes in this Chapter 11 case and/or any subsequent Chapter 7 case. The rollover lien and security interest granted to TD Bank herein is automatically deemed perfected upon entry of this Order without the necessity of TD Bank taking possession or control of its Cash Collateral or filing financing statements or other documents.

5. As further adequate protection of TD Bank's interest in the Collateral, including the Cash Collateral, the Debtor shall make a payment to TD Bank in the amount of $1,000.00 on September 1, 2023.

6. Nothing contained in this Stipulation shall be deemed a waiver of any kind with respect to the Debtor's rights and remedies with respect to the Collateral, any other collateral of the Debtor or its estate, and to the amount of the indebtedness claimed to be owed to TD Bank.

7. TD Bank hereby agrees to a carve-out from its Cash Collateral for payment of fees due the office of the United States Trustee pursuant to 28 U.S.C. §1930.

8. This Stipulation may be executed in any number of counterparts, each of which when so executed and delivered shall be an original, but all of which shall together constitute one and the same agreement.

9. Nothing herein shall be deemed to waive or limit the right of any Official Committee of Unsecured Creditors or Chapter 7 trustee that may be appointed in this case to review or contest the validity, priority or extent of a lien or other interest in property of the estate; and it is hereby:

**ORDERED**, that the Debtor shall timely perform all obligations of a debtor-in-possession required by the Bankruptcy Code, F.R.B.P.s and the Local Rules and Orders of this Court; and it is further

**ORDERED**, that pursuant to F.R.B.P. 4001(b)(2), pending the entry of a further Order of this Court or as a result of the conclusion of a final hearing for the approval of the Stipulation, the Debtor shall be permitted the continued use of Cash Collateral through September 30, 2023 pursuant to the terms herein; and it is further

**ORDERED**, that without limitation of the foregoing, pursuant to 11 USC §§ 361, 362, 363, 503(b), 507(a), and 507(b), TD Bank shall have and is hereby granted a roll-over lien in its Post-Petition Collateral as provided for herein; and it is further

**ORDERED**, that the Debtor shall pay to TD Bank the sum of $1,000.00 on September 1, 2023, as adequate protection for the use of TD Bank's Cash Collateral; and it is further

**ORDERED**, that the Debtor shall continue to keep the Collateral insured in accordance with the guidelines of the United States Trustee's Office and of TD Bank's Loan Documents; and

shall give TD Bank notice of termination of any Policies of insurance with respect to the Collateral pursuant to the terms herein; and it is further

ORDERED, that the Court shall retain jurisdiction to enforce the terms of this Stipulation and Order.

Dated: August 31, 2023

CELL-NIQUE CORPORATION
Debtor

By: _____
Daniel Ratner
President

O'CONNELL AND ARONOWITZ

By: _____
Peter A. Pastore, Esq.
*Attorneys for Debtor*
54 State Street
Albany, New York 12207-2501
(518) 462-5601

Dated: August 31, 2023

TD BANK, N.A.

By: _____
Teresa Sadutto-Carley, Esq.
Platzer Swergold Goldberg
Katz & Jaslow, LLP
*Attorneys for TD Bank*
475 Park Avenue South, 18th FL
New York, New York 10016
(212) 593-3000 ext. 261