Adjourned Hearing Date:
January 10, 2024
10:30 a.m.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In Re:  CELL-NIQUE CORPORATION

Case Number 23-10815-1

Chapter 11

Debtor.

## DEBTOR'S OBJECTION TO UNITED STATES TRUSTEE'S MOTION TO APPOINT EXAMINER PURSUANT TO 11 U.S.C. § 1104 (c)

TO: HONORABLE ROBERT E. LITTLEFIELD, JR.
U.S. BANKRUPTCY JUDGE

Debtor, Cell-Nique Corporation ("Debtor"), by and through its counsel, O'Connell & Aronowitz, P.C., Peter A. Pastore, Esq., of counsel, as and for its objection ("Objection") to the motion of the United States Trustee for Region 2 to appoint an examiner pursuant to 11 U.S.C. § 1104 (c) ("Motion") respectfully represents as follows:

1.    The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") on August 10, 2023 ("Filing Date", ECF Dkt No. 1).

2.    Since the Filing Date Debtor continues to operate its business as a debtor-in-possession pursuant to § 1107 (a) and §1108 of the Bankruptcy Code.

3.    No trustee has been appointed pursuant to 11 U.S.C. § 1104 (a).

4.      To the best of Debtor's knowledge, no creditor or other party in interest has formally or informally joined in the Motion of the United States Trustee herein.

5.      There is no debate that Debtor's business and its corporate configuration is complex. It is important to note that the Trustee's Motion does not allege fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the affairs of the Debtor by past or current management. The Motion was originally scheduled to be heard December 20, 2023. Debtor requested an adjournment of the motion to January 10, 2024 and its objection deadline to January 8, 2024 for the purpose of trying to provide the United States Trustee sufficient information so that the Motion would be withdrawn or further adjourned.

6.      Debtor does not dispute that threshold Statutory preconditions have been satisfied by the Trustee in its Motion. As set forth in the Motion the four (4) conditions are met when: (1) the court has not appointed a trustee; (2) the debtor has not confirmed a plan; (3) the United States Trustee is making the request and (4) the debtor scheduled more that $5 Million in general unsecured debt (Motion, Plaintiff A, p. 7). But the presence of these four (4) factors does not lead to the inevitable conclusion that an examiner should or must be appointed in this case. Instead, precedent is clear, and so admitted by the Trustee herein (Motion, Plaintiff 1, p.2), that the appointment of an examiner is not mandatory as a matter of law- as bankruptcy Courts have repeatedly concluded. The decision to appoint an examiner lies in the sound discretion of this Court.

7.      The language of § 1104 (c) "as is appropriate" gives this Court discretion to deny an examine motion even if the threshold factors are met.

8.      Debtor respectfully requests that the Motion be adjourned sixty (60) more days so that the Debtor may provide any and all information to the Trustee that otherwise would be obtained by an examiner. Debtor believes that the costs of an examiner are not in the "interests of creditors, any equity security holders, and other interests of the estate" (Id.). All available cash should be utilized for adequate protection payments and ultimately to fund a successful plan of reorganization.

9.      It should also be noted that the Debtor has filed Monthly Operating Reports for August, September, and October, 2023 and its November, 2023 report will be filed before Wednesday's hearing on this Motion. Also, the Debtor has filed lengthy Official 426 Periodic Reports for August, September, and October, 2023 detailing value, operations, and profitability of those entities in which the Debtor holds a substantial or controlling interest. Debtor's 426 Periodic Report for November, 2023 will also be filed before Wednesday's hearing on this Motion. The Debtor has had several communications with the technical staff of the Office of the United States Trustee in an effort to provide any and all information requested by that office. The Debtor is committed to fully comply with any and all requests for financial information by the Office of the United States Trustee.

10.     At this juncture it should also be noted that if a successful plan of reorganization is not approved, and the business is forced into liquidation any funds to reimburse the fees of an examiner would need to be "carved out" of the collateral proceeds of the significant secured debt in this case.

{01387760.1}

WHEREFORE, Debtor respectfully requests that the Motion be adjourned for sixty (60) days and within that time period the Debtor provide any and all financial information requested by the Office of the United States Trustee and for such other and further relief as the court deems appropriate.


Dated:    January 8, 2024


Respectfully Submitted,

Peter A. Pastore, Esq.
O'CONNELL AND ARONOWITZ
54 State Street, 9th Floor
Albany, NY 12207-2501
Tel: (518) 462-5601
Fax #: (518) 462-2670
E-mail: papastore@oalaw.com

{01387760.1}