UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

*In re:*

      **CELL-NIQUE CORPORATION**           Case No.: 23-10815-REL
                                                                                         **Chapter 11**

                            *Debtor.*

**United States Trustee's Motion to Dismiss or Convert to Chapter 7**

TO: THE HONORABLE ROBERT E, LITTLEFIELD, JR.,
UNITED STATES BANKRUPTCY JUDGE:

      William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), by and through counsel, and in furtherance of certain duties and responsibilities pursuant to 28 U.S.C. § 586, moves to dismiss this case pursuant to 11 U.S.C. §1112(b) because the Debtor: (1) failed to close its pre-petition bank accounts; (2) does not generate adequate cash flow to reorganize; (3) failed to file monthly operating reports timely and the January 2024 is delinquent, and failed to pay United States Trustee's Quarterly Fees.  In support of this motion, the United States Trustee for Region 2 states:

**I.  Summary**

      This Debtor has not complied with its duties under Chapter 11. Despite filing this case on August 10, 2023, Cell-Nique Corporation ("Debtor") failed to close its pre-petition bank accounts at Berkshire Bank and continues to use these accounts. In addition, the Debtor appears to lack sufficient cash flow to reorganize.  The Debtor's February 2024 check for adequate protection payment to secured creditor NYBDC was returned for insufficient funds.  The Debtor also failed in its reporting duties: Monthly Operating Reports ("MORS") were not timely, and the January 2024 report is delinquent.  The Debtor's Rule 2015.3 reports are incomplete and inaccurate. The Debtor also failed to pay its United States Trustee's Quarterly Fees ("UST Fees") for the fourth quarter of 2023.   Each of the above, standing alone supports dismissal of this case.

## II. Facts

### A. Background

1. On August 10, 2023, Cell-Nique Corporation (Delaware) ("Debtor") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Petition Date"). (ECF 1).

2. The Debtor owns and operates the following unincorporated divisions: Cherrybrook Kitchen, European Gourmet Bakery and Healthy To Go. The Debtor is the sole shareholder of Hudson River Foods Corp., a New York Corporation; and the following Delaware corporations: Dancing Deer Corporation, Hodgson Mill Corporation, and Living Harvest, Inc. The Debtor also owns Cell-Nique Corp., a business entity incorporated in New York and a separate entity from the Debtor.

3. The Debtor and its affiliates manufacture organic food items sold under a variety of trade names in the retail and wholesale markets.

4. The Debtor continues to operate its businesses as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On September 5, 2023, the Debtor filed a Motion to Obtain Post-Petition Financing Under 11 U.S.C. § 364. (ECF 31). In said Motion, the Debtor stated it had over $400,000 in purchase orders and needed additional funds for the Debtor to fulfill these orders. (ECF 31). Upon information and belief, the greatest demand for the Debtor's products is the fall holiday season.

6. The Debtor open a Debtor-in-Possession account at TD Bank and issued account #2841. (TD #2841).

**B. Chapter 11 Performance**

7. In September 2023, as part of the Debtor's cash collateral stipulation with Berkshire Bank ("Berkshire") the Debtor stated that it opened Debtor-in-Possession bank accounts at TD Bank. The Debtor further stated that it was "process of transferring its deposit account relationship from Berkshire to proper Debtor-in-Possession accounts at TD Bank, an authorized depository. (ECF 38)

8. According to the Debtor's December 2023 Monthly Operating Report ("MOR"), in addition to TD #2841, the Debtor continues to maintain additional bank accounts at Berkshire Bank ("Berkshire") and Wells Fargo that are not designated as Debtor-in-Possession accounts. These accounts include Berkshire accounts ending in #8577, #8776, #5679, and #4432; and Wells Fargo account ending in #3193. Upon information and belief, all non-Debtor-in-Possession accounts are pre-petition accounts. (ECF 92).

9. Upon information and belief, the Debtor's February 9, 2024, $8,750 check for its adequate protection payment to NYBDC was returned for insufficient funds. The check to NYBDC was drawn on the TD #2841.

10. The Debtor did not print "Debtor-in-Possession" or the case number on the check issued to NYBDC.

11. The Debtor failed to file its January 2024 MOR which was due February 20, 2024. Other MORS were filed late. The September 2023 MOR was filed on November 22, 2023. (ECF 71). The October 2023 MOR was filed on December 11, 2023. (ECF 78). The November 2023 was filed on January 10, 2024. (ECF 90). The December 2023 MOR was filed on January 25, 2024. (ECF 92).

12. As of December 31, 2023, the Debtor reported a cash balance in the amount of

3

$79,732. (ECF 92). According to the TD #2841 December 2023 statement, the Debtor's cash balance on December 31, 2023, was $12,951. (ECF 92, page 29).

13. The Debtor failed to pay UST Fees for the fourth quarter of 2023. These UST Fees were due January 31, 2024.

14. The Debtor failed to file an accurate and complete report for its wholly owned entities as required by Fed.R.Bankr.P. 2015.3.

### III. ARGUMENT

Section § 1112(b)(1) states that a court *shall* convert or dismiss a Chapter 11 case upon a showing of cause. (Emphasis added.) Congress provided examples of what constitutes "cause" to convert or dismiss. 11 U.S.C. § 1112(b)(4). The list of grounds that establish cause for dismissal or conversion are illustrative, not exhaustive. *In re C-TC 9th Avenue Partnership*, 113 F.3d 1304, 1311 (2nd Cir. 1997).

Examples of "cause" to convert or dismiss are provided by statute. 11 U.S.C. § 1112(b)(4). Although this list is different from the pre-BAPCPA list, the fact that the list illustrative and not exhaustive has not changed. *In re Attack Props.*, *LLC*, 478 B.R. 337, 344 (N. D. Ill. 2012).

Once the movant establishes cause, in the absence of special circumstances, the bankruptcy court *must* dismiss or convert the chapter 11 case. 11 U.S.C. § 1112(b)(1). *In re TCR of Denver*, 338 B.R. 494, 498 (Bankr. D. Colo. 2006). As set forth below, many grounds exist to establish cause for dismissal or conversion of this case.

**A.    The Debtor Has Not Closed Its Pre-Petition Accounts**

The United States Trustee's Operating Guidelines for Region 2 provides that, "[I]mmediately upon the filing of the Debtor's petition, the funds in the Debtor's existing accounts

become property of the bankruptcy estate. All pre-petition bank accounts controlled by the Debtor must be closed immediately upon the filing of the petition, and the debtor shall immediately open new debtor-in-possession operating, payroll, and tax accounts at a United States Trustee Authorized Depository." (U.S. Department of Justice, Office of the United States Trustee, Region 2, *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, at ¶7(rev. March 1, 2023)) *See*, In re MCM Natural Stone, Inc., 2022 Bankr. LEXIS 987*9 (Bankr. W.D.N.Y. 2022; 2022 WL 1074065*4). (Cause for dismissal includes failure to close pre-petition bank accounts.)

The Debtor's MORS show that the Debtor continues to use its pre-petition bank accounts that are not designated as Debtor-in-Possession accounts.

The Debtor fails to comply with other requirements. The Debtor did not put the case number and "Debtor-in-Possession" on the check issued to NYBDC for adequate protection.

Accordingly, the Debtor's failure to close its pre-petition accounts, along with the continued use of these accounts, and concealment of the bankruptcy case on checks drawn on the Debtor-in-Possession account, amounts to cause for dismissal or conversion.

**B. The Debtor Cannot Propose a Confirmable Plan**

Even after the 2005 BAPCPA amendments to the Bankruptcy Code, bankruptcy courts continue to hold that cause to convert or dismiss a case includes failure to propose a confirmable plan. "The very purpose of § 1112(b) is to cut short this plan and confirmation process where it is pointless." *In re Local Union 722 Int'l. Bhd. of Teamsters,* 414 B.R. 443, 446 (Bankr. N.D. Ill. 2009) (citing *Matter of Woodbrook Associates*, 19 F.3d 312, 316 (7th Cir. 1994)); *In re DCNC North Carolina, LLC*, 407 B.R. 651, 665 (Bankr. E.D. Pa. 2009) ("Fundamental bankruptcy policy continues to support the proposition that the inability to propose a feasible reorganization or

5

liquidation plan provides "cause" for dismissal or conversion of a chapter 11 case on request of an interested party. . . [T]he inability . . . to effectuate a plan, by itself, provides cause for dismissal or conversion of a chapter 11 case."). S*ee also*, *In re SHAP,* 457 B.R. 625, 628 (Bankr. E.D. Mich. 2011). "[Although a] debtor's efforts to reorganize and rehabilitate itself should be given the benefit of the doubt, [the] debtor should not be permitted to continue in a futile effort to reorganize*."* *In re Vallejo*, 77 B.R. 365, 367-368 (Bankr. D. Puerto Rico 1987).

The Debtor's financial performance, as reported in its monthly operating reports, demonstrates that it cannot fund a plan. According to the December 31, 2023, TD #2841 bank statement, the Debtor had a balance of $12,951. The December 2023 MOR reported approximately $79,000 in cash on hand. The December 2023 MOR does not explain the difference between the cash balance in the Debtor-in Possession account, TD#2841, and the reported cash balance reported in the MOR. (ECF 92).

The Debtor scheduled $6,793,743 in secured claims, $132,000 in priority claims and $12,242,644 in general unsecured claims. With this large debt load, and approximately $79,000 in the bank at the end of the year, the Debtor does not appear to generate sufficient income to fund a plan. Even if the Debtor could devise a plan, a dividend to unsecured creditors appears unlikely.

The most telling event demonstrating the Debtor's inability to fund a plan is the return of the $8,750 adequate protection payment check for insufficient funds. When an adequate protection payment is returned for insufficient funds, the ability of the Debtor to fund a plan is questionable. If the Debtor cannot fund a plan, it cannot confirm a plan.

**C. Failure to Comply with Reporting Requirements**

Failure to adhere to reporting requirements serves as sufficient grounds for dismissal of a chapter 11 case. 11 U.S.C. Sec 1112(b)(4)(F). Monthly operating reports provide necessary information to the Court, creditors, and other parties in interest about the progress and prospects of a debtor's reorganization efforts. *In re Babayoff*, 445 B.R. 64, 81 (Bankr. E.D.N.Y. 2011). Batch report filings do not cure the Debtor's failures. *Babayoff*, 445 B.R at 81 ("Late filings complicate this task [monitoring the debtor's progress], and missing filings may render it impossible.").

The Debtor's January 2024 MOR was due February 20, 2024, and remains delinquent. The February 2024 will be shortly.

Additionally, Fed.R.Bankr.P. 2015.3 requires debtors who own a controlling interest in other entities to file a report for each entity. A review of Fed.R.Bankr.P. 2015.3 sets out the necessary elements for a complete report for each related entity: the value, operations, and profitability of each entity. Official Form B 426 further explains the necessary detail. While the Debtor has filed documents described as R. 2015.3 reports, these reports combined the financial information of several entities, rather than a report for each entity. (ECF 48, 79, 80, 81) The Debtor is not in compliance with the reporting requirements set out in Fed.R.Bankr.P. 2015.3.

Without the operating reports, creditors, the Court and the United States Trustee does not know the status of post-petition taxes or its tax returns. Pursuant to 11 U.S.C. § 1112(b)(4) (F), the Debtor's failure meet its reporting requirements in a timely manner amounts to cause for dismissal.

**D.     Debtor's UST Fees Are Delinquent**

The Bankruptcy Code requires debtors to pay UST Fees and the failure to pay these Fees timely is one of the enumerated grounds for dismissal or conversion of a chapter 11 case. 11 U.S.C.

§ 1112(b)(4)(K). Excluding subchapter v debtors, every Chapter 11 debtor is required to pay UST Fees until the case is converted or dismissed. See 28 U.S.C. §1930(a)(6).

In this case, the Debtor failed to pay $355 in UST Fees, which were due January 31, 2024. There is cause for the dismissal or conversion of this case for failure to pay UST Fees.

**IV.     Dismissal or Conversion is in the Best Interests of Creditors and the Estate.**

After determining that cause exists under § 1112(b)(4), the Court shall dismiss or convert the case. Although this discretion is not completely unfettered, the Court is not required to give exhaustive reasons for its decision." *In re the AdBrite Corporation*, 290 B.R. 209, 215 (Bankr. S.D.N.Y.2001) (citing *In re Koerner*, 800 F.2d 1358, 1368 (5th Cir. 1986)). The Debtor cannot comply with its duties including closing its pre-petition bank accounts, filing MORS timely, filing accurate and complete Rule 2015.3 reports, and paying its UST Fees. Based on the foregoing, the United States Trustee respectfully requests that the Court grant the Motion, dismiss or convert the case, and grant other relief as is just.

|  |  |
|---|---|
| Dated:  Albany, New York<br><br>March 15, 2024 | WILLIAM K. HARRINGTON<br>UNITED STATES TRUSTEE, REGION 2<br><br>By: */s/ Amy J. Ginsberg*<br>Amy J. Ginsberg, Trial Attorney<br>Leo O'Brien Federal Building<br>11A Clinton Avenue, Room 620<br>Albany, New York 12207<br>Direct Telephone: 202.380.8149<br>Albany Office Telephone: 518.434.455<br>Email: Amy.J.Ginsberg@usdoj.gov |