UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

*In re:*

      **CELL-NIQUE CORPORATION,**　　　　　　　　　Case No.: 23-10815-REL
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Chapter 11**

                              *Debtor.*

**United States Trustee's Motion to Dismiss for Failure to Remit Trust Fund Taxes**

TO: THE HONORABLE ROBERT E, LITTLEFIELD, JR.,
UNITED STATES BANKRUPTCY JUDGE:

      William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), by and through counsel, and in furtherance of certain duties and responsibilities pursuant to 28 U.S.C. § 586, moves to dismiss this case pursuant to 11 U.S.C. §1112(b) because the Debtor is withholding statutory payroll deductions, including taxes, from its employees and not remitting the funds to Internal Revenue Service and other authorities. In support of this motion, the United States Trustee for Region 2 states:

### I. Summary

      Each payroll period the Debtor withholds the appropriate statutory funds, such as state and Federal taxes and Medicare from employee paychecks. Since the first of 2024, the Debtor failed to remit the withheld funds the Internal Revenue Service ("IRS") and other taxing authorities as required by law. It appears that the Debtor may be converting these funds for its own use. The Debtor falsely reported that the trust fund taxes were remitted on a current basis. (ECF 106) Dismissal of this case is appropriate.

## II. Facts

**A. Background**

1. On August 10, 2023, Cell-Nique Corporation (Delaware) ("Debtor") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Petition Date"). (ECF 1).

2. The Debtor continues to operate its businesses as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**B. Failure to Remit Trust Fund Payroll Taxes**

3. According to the Debtor's February 2024 Monthly Operating Report ("February MOR"), the Debtor had 45 employees. (ECF 106)

4. Upon information and belief, these employees are paid on a bi-weekly basis.

5. The Debtor withholds the appropriate taxes, Medicare, and other required withholdings from employee paychecks.

6. In the February MOR, the Debtor reported that it remitted trust fund taxes on a current basis, among other statements about its tax obligations. (ECF 106).

| | | |
|---|---|---|
| d. Are you current on postpetition tax return filings? | Yes ⦿ | No ○ |
| e. Are you current on postpetition estimated tax payments? | Yes ⦿ | No ○ |
| f. Were all trust fund taxes remitted on a current basis? | Yes ⦿ | No ○ |

7. Upon information and belief, the Debtor's statement that it remitted trust fund taxes on a current basis is false. Although the Debtor has been withholding payroll taxes from employee paychecks on a current basis, to date, the Debtor has not remitted trust fund payroll taxes to the IRS and other appropriate taxing authorities in 2024. These trust fund taxes should be remitted to the IRS on a bi-weekly or monthly basis.

8. In its February MOR, the Debtor reported approximately $130,000 trust fund tax liabilities to the IRS, the New York Department of Revenue, and other governments.

| Account | Description | Amount |
|---|---|---|
| | Payroll Tax Liability - Federal Unemployment | 1,796.25 |
| 23010 | Payroll Employee W/H - Social Security | 20,835.51 |
| 23011 | Payroll Employee W/H - Medicare | 5,149.16 |
| 23012 | Payroll Employee W/H - Fed Income Tax | 17,535.81 |
| 23013 | Payroll Employee W/H - NY Income Tax | 75,557.88 |
| 23014 | Payroll Employee W/H - NY Disability | 1,397.17 |
| 23015 | Payroll Employee W/H - NY Family Paid Leave | 8,886.35 |
| 23016 | Payroll Employee W/H - MA Income Tax | 3,180.70 |
| 23017 | Payroll Employee W/H - MA Paid Family Leave | 83.89 |

9. Upon information and belief, the amount collected from employees and not remitted to the IRS, the New York Department of Revenue, and others increased in March 2024, and continues to increase with each payroll period.

10. At the end of February 2024, the Debtor reported $37,200 in cash on hand, far less than its post-petition trust fund liabilities. (ECF 106)

11. Upon information and belief, the Debtor is converting cash withheld from employees for Federal and New York State payroll taxes for its own use.

### III.   ARGUMENT

Section § 1112(b)(1) states that a court *shall* convert or dismiss a Chapter 11 case upon a showing of cause. (Emphasis added.) Congress provided examples of what constitutes "cause" to convert or dismiss. 11 U.S.C. § 1112(b)(4). The list of grounds that establish cause for dismissal or conversion are illustrative, not exhaustive. *In re C-TC 9th Avenue Partnership*, 113 F.3d 1304, 1311 (2nd Cir. 1997).

Examples of "cause" to convert or dismiss are provided by statute. 11 U.S.C. § 1112(b)(4). Although this list is different from the pre-BAPCPA list, the fact that the list illustrative and not exhaustive has not changed. *In re Attack Props., LLC*, 478 B.R. 337, 344 (N. D. Ill. 2012).

Once the movant establishes cause, in the absence of special circumstances, the bankruptcy court *must* dismiss or convert the chapter 11 case. 11 U.S.C. § 1112(b)(1). *In re TCR of Denver*, 338 B.R. 494, 498 (Bankr. D. Colo. 2006). As set forth below, many grounds exist to establish cause for dismissal or conversion of this case.

Cause for dismissal of this case arises under §1112(b)(4)(B), gross mismanagement of the estate; §1112(b)(4)(I), failure to pay post-petition taxes; and, §1112(b) cause for making false statements in the Debtor's MOR.

As of February 2024, the Debtor withheld, but failed to remit, over $130,000 in trust fund taxes, with that amount growing with each bi-weekly payroll. (ECF 106) At the end of February 2024, the Debtor's cash balance was $37,200. It appears that the Debtor converted approximately $100,000 of trust fund taxes for its own use. The Debtor concealed its use of trust fund taxes by falsely reporting that the trust fund tax payments were remitted timely in the February 2024 MOR. (ECF 106). Accordingly, there is cause for dismissal of this case pursuant to 11 U.S.C. §1112(b), §1112(b)(I) and §1112(b)(4)(B).

### III.    Dismissal is in the Best Interests of Creditors and the Estate.

After determining that cause exists under § 1112(b)(4), the Court shall dismiss or convert the case. Although this discretion is not completely unfettered, the Court is not required to give exhaustive reasons for its decision." *In re the AdBrite Corporation*, 290 B.R. 209, 215 (Bankr. S.D.N.Y.2001) (citing *In re Koerner*, 800 F.2d 1358, 1368 (5th Cir. 1986)).

Based on the foregoing, the United States Trustee respectfully requests that the Court grant the Motion, dismiss or convert the case, and grant other relief as is just.

Dated:  Albany, New York

April 8, 2024

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: */s/ Amy J. Ginsberg*
Amy J. Ginsberg, Trial Attorney
Leo O'Brien Federal Building
11A Clinton Avenue, Room 620
Albany, New York 12207
Direct Telephone: 202.380.8149
Albany Office Telephone: 518.434.455
Email: Amy.J.Ginsberg@usdoj.gov