UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

_____

IN RE:   CELL-NIQUE CORPORATION

                                                    Bankruptcy No. 23-10815
        Debtor.                                      Chapter 11

_____

## MOTION TO DISMISS

The United States of America, on behalf of its agency, the Internal Revenue Service (IRS), respectfully requests that this case be dismissed or converted, pursuant to 11 U.S.C. § 1112(b). For months, Debtor has withheld payroll taxes from its employees, but has not deposited those funds with the IRS. In addition to the grounds for dismissal raised in the United States Trustee's Motions to Dismiss (Dkt. Nos. 101, 108), the United States offers the following:

## BACKGROUND

1. Debtor has been in Chapter 11 bankruptcy for the past eight months. *See* ECF No. 1.

2. Upon information and belief, Debtor is a parent company that manufactures food products through several unincorporated divisions (Cherrybrook Kitchen, European Gourmet Bakery, and Healthy 2 Go) and wholly owned subsidiaries (Hudson River Foods Corporation, Dancing Deer Corporation, Hodgson Mills Corporation, and Living Harvest Corporation).

3. In its last Monthly Operating Report, Debtor disclosed that it had forty-five (45) full-time employees. ECF No. 106, p. 1. Currently, it is unclear to the IRS if this number includes employees of the wholly owned subsidiaries because Debtor reported having just eight (8) employees on the Form 941 it filed with the IRS for the third quarter of 2023.

4.     On August 22, 2023, the IRS filed a Proof of Claim, which was subsequently amended – most recently on January 29, 2024. *See* Claim Nos. 2-1 – 2-4. Debtor owes the IRS $99,991.67. *See* Claim No. 2-4. Of this amount, $49,045.20 is secured by valid and perfected federal tax liens filed in Rensselaer County. *Id.*

5.     In its Operating Report for February 2024, Debtor stated that it was current on post-petition estimated tax payments and all trust fund taxes had been remitted "on a current basis." ECF No. 106, p. 8. Debtor made this same claim in its January 2024 Monthly Operating Report. ECF No. 99, p. 8. This information is not accurate. In fact, on April 5, 2024, IRS Insolvency Specialist, Michele Labarge, confirmed that Debtor had not made *any* federal tax deposits for the first quarter of 2024.

6.     Debtor's failure to make any federal tax deposits for the first quarter of 2024 necessarily means that it has withheld trust fund taxes from the wages of its employees, but instead of remitting that payment to the IRS it presumably used those funds for some other purpose.

7.     Shortly after initiating this bankruptcy, the IRS has reminded Debtor of its obligation to make federal tax deposits. *See* **Exhibit A**, IRS Notice, dated August 16, 2023. Thereafter, counsel for the United States repeatedly notified Debtor, through counsel, that it was not in compliance with its ongoing obligation to make federal tax deposits.

8.     In addition to its failure to make federal tax deposits, Debtor has been inconsistent in making timely adequate protection payments to the IRS, which are due on the 2nd of each month. On March 22, 2024, the IRS served Debtor with a Default Notice due to Debtor's failure to make its March adequate protection payment. *See* **Exhibit B**, IRS Default Notice, dated March 22, 2024. Only after receiving the Default Notice did Debtor submit its March adequate

protection payment to the IRS. On April 5, 2024, the IRS confirmed that it had not received Debtor's adequate protection payment for April 2024. *See* Stipulation and Interim Order Approving Debtor and Debtor-in-Possession's Use of Cash Collateral, ECF No. 50 (hereinafter "Stipulation").

## ARGUMENT

9. The Bankruptcy Court has "wide discretion in determining how to ultimately dispose of a case pursuant to a § 1112 motion." *In re Dark Horse Tavern*, 189 B.R. 576, 580 (Bankr. N.D.N.Y. 1995). Section 1112(b)(4) provides a "non-exhaustive list of possible circumstances" that may constitute "cause" for dismissal or conversion. *In re Spenlinhauer*, 592 B.R. 1, 7 (D. Mass. 2018). Once a party in interest files a § 1112 motion and establishes cause, in the absence of special circumstances, the bankruptcy court *must* dismiss or convert the chapter 11 case. 11 U.S.C. § 1112(b)(1). *In re TCR of Denver*, 338 B.R. 494, 498 (Bankr. D. Colo. 2006).

10. In this case, several elements set forth under Section 1112(b)(4) exist to warrant dismissal or conversion. Presumably, Debtor is in such financial straits that, for months, it has taken employee wages, earmarked for Medicare and Social Security, and instead of remitting those funds to the IRS, it has used that money to cover other pressing financial debts. This conduct demonstrates that there is no reasonable likelihood that Debtor's business can be rehabilitated—one cause for dismissal or conversion under 11 U.S.C. §1112(b)(4)(A). It also represents gross mismanagement of the estate (11 U.S.C. §1112(b)(4)(B)) and falls squarely within the text of 11 U.S.C. § 1112(b)(4)(I), which addresses a Debtor's obligation to timely pay taxes.

11. Lastly, as noted above, Debtor has repeatedly filed monthly operating reports with

the Court erroneously assuring the Court, the U.S. Trustee, and creditors that it is current with post-petition estimated tax payments and has timely remitted all trust fund taxes. *See* ECF Nos. 99, 106. This inaccurate assertion falsely reassured the Court, the U.S. Trustee, and other creditors, that Debtor's business was capable of rehabilitation and successful reorganization. Courts have found that a debtor's failure to "accurately disclose information" on its monthly operating reports constitutes gross mismanagement of the estate and is indicative of bad faith conduct, all of which may establish "cause" for conversion or dismissal. *See e.g., In re M.A.R. Designs & Constr., Inc.*, 653 B.R. 843, 859, 868 (Bankr. S.D. Tex. 2023).

For these reasons, and the reasons set forth in the Motions to Dismiss filed by the United States Trustee (ECF Nos. 101 and 108), the IRS respectfully requests that this case be dismissed or converted, whichever is found to be in the best interests of the creditors.

**DATED** this 8th day of April 2023.

CARLA B. FREEDMAN
UNITED STATES ATTORNEY

*/s/ Cathleen B. Clark*
Assistant United States Attorney
United States Attorney's Office
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207
Bar Roll No. 516792